**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: § | |
| § | |
| O'HARE, *et al.*, § | |
| § | MISC. ACTION NO. H-11-0539 |
| Movants. § | |
| § | |
| § | |

**MEMORANDUM AND OPINION**

This Memorandum and Opinion addresses a motion to reconsider an order granting a motion to quash subpoenas. The motion to quash was filed by Daniel O'Hare, Jean Frizzell, and John Black (referred to here as the "movants"). These subpoenas were issued in the Southern District of Texas by two defendants in *Flannigan v. Vulcan Power Group*, an action pending in the U.S. District Court for the Southern District of New York. The movants are not parties to that action.

The two defendants in the *Flannigan* case, Ford Graham and Vulcan Power Group (referred to here as the "defendants"), issued the subpoenas on November 25, 2011. They required the movants to produce the following documents by December 13 at 10:00 a.m.:

1. Any and all documents, emails, notes and records provided to you by Susan Flannigan, Marc Stadtmauer or anyone acting on behalf of Ms. Flannigan or Mr. Stadtmauer which relate to or concern defendants, Ford Graham, Kevin Davis or Vulcan Power Group.

2. Any and all documents, emails, notes and records provided to you, your attorneys, anyone employed by your attorneys or anyone acting on your behalf or your attorneys behalf which relate to or concern defendants, Ford Graham, Kevin Davis or Vulcan Power Group.

3. Any and all documents provided to you by any adverse party, whether in litigation or not, or anyone acting on their behalf, which concern defendants, Ford Graham, Kevin Davis or Vulcan Power Group.

      4.      Any and all documents provided to you by any adverse party, whether in litigation or not, or anyone acting on their behalf, which concern defendants, Ford Graham, Kevin Davis or Vulcan Power Group.

(Docket Entry No. 1, Exs. A–C). The subpoenas also required all three movants to appear at depositions in Houston on December 13 at 10:00 a.m. (*Id.*). This court granted the motion to quash the subpoenas. (Docket Entry No. 2). The defendants have moved for reconsideration of that order. (Docket Entry No. 3). The defendants generally argue that the subpoenas should not have been quashed because they gave the movants reasonable time to comply and because the information sought is relevant to the *Flannigan* lawsuit. (*See id.*, at 3–6). The movants have responded to the reconsideration request and the defendants have replied. (Docket Entry Nos. 5–6).

      A motion to reconsider is appropriately considered under Federal Rule of Civil Procedure 59(e), which allows for "[a] motion to alter or amend a judgment [that is] filed no later than 28 days after the entry of the judgment." This rule applies to a motion to reconsider a court's previous ruling based on, for example, newly discovered evidence. *See, e.g.*, *Rogers v. KBR Tech. Servs. Inc.*, No. 08-20036, 2008 WL 2337184, at *5 (5th Cir. June 9, 2008) (per curiam) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)). Relief under this rule is difficult to obtain. As the Fifth Circuit explains:

> A Rule 59(e) motion—which asks the court to set aside its previous judgment—"serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."

*Ewans v. Wells Fargo Bank, N.A.*, 389 F. App'x 383, 389–90 (5th Cir. 2010) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)); *accord* 11 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124–26 (2d ed. 1995). Such a motion "cannot be

2

used to raise arguments which could, and should, have been made before the judgment issued" or "to argue a case under a new legal theory." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)

The reasons that led this court to quash the subpoenas also support denying the motion for reconsideration. Under Federal Rule of Civil Procedure 45, a district court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply" or "(iv) subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A). The Fifth Circuit has stated the standard for determining whether a subpoena duces tecum subjects a person to undue burden, as follows:

> The moving party has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive. Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation. To determine whether the subpoena presents an undue burden, we consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad.

*Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (internal quotation marks and footnotes omitted).

The movants have met their burden to demonstrate that the subpoenas duces tecum impose an undue burden. The document requests are facially overbroad. They seek all documents concerning the parties to the *Flannigan* action, regardless of whether those documents relate to that action and regardless of date. The requests are not particularized.[1] The period covered by the

---

[1] Highlighting this conclusion—that the defendants did not frame their document requests with any particularity—is the fact that requests (3) and (4) appear to be identical.

requests is unlimited.  Those problems are compounded by the fact that the subpoenas only provided 18 days for compliance.  *See, e.g.*, *Hernandez v. City of Corpus Christi*, Civ. A. No. C-10-186, 2011 WL 2194254, at *1 (S.D. Tex. June 6, 2011) (quashing subpoena duces tecum because, in part, the subpoenas required production 10 days after service); *Thomas v. IEM, Inc.*, Civ. A. No. 06-886-B-M2, 2008 WL 695230, at *3 & n.10 (M.D. La. Mar. 12, 2008) (quashing subpoena duces tecum because, in part, the subpoena required production 15 days after service).

The subpoenas ad testificandum also fail to allow a reasonable time to comply.  *See* FED. R. CIV. P. 45(c)(3)(A)(i).[2]  Although "more than one week's notice generally is considered reasonable," *Charm Floral v. Wald Imports, Ltd.*, No. C10-1550-RSM, 2012 WL 424581, at *2 (W.D. Wash. Feb. 9, 2012) (citing cases), the subject of the depositions appears in significant part to be related to the documents sought by the defendants.  (*See* Docket Entry No. 3, Forrey Decl., ¶ 17).  Given the (over)breadth of those document requests, requiring the movants to sit for depositions less than three weeks following the subpoenas' issuance is unreasonable.  Moreover, the defendants subpoenaed all three movants to appear for depositions at the same time.  (*See* Docket Entry No. 1, Exs. A–C).   The defendants' motion to reconsider, (Docket Entry No. 3), is denied.

SIGNED on April 19, 2012, at Houston, Texas.

                                               Lee H. Rosenthal
                                    United States District Judge

---

[2] Although the defendants claim that the movants agreed to the depositions' timing, (*see* Docket Entry No. 3, Forrey Decl., ¶ 16), counsel for the movants claims otherwise, (*see* Docket Entry No. 5, Black Decl., ¶ 4).